IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL RAY JACKSON, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-0141 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

Michael Ray Jackson, a state inmate proceeding *pro se*, seeks habeas relief under 28 U.S.C. § 2254, challenging the execution of his sentence. Respondent filed a motion for summary judgment (Docket Entry No. 16), to which petitioner filed a response (Docket Entry No. 22).

Based on the Court's consideration of the pleadings, the motion and response, the record, and the applicable law, the motion for summary judgment is **GRANTED** and this case is **DISMISSED FOR LACK OF JURISDICTION** as an unauthorized successive petition.

### I. PROCEDURAL BACKGROUND

Petitioner committed an offense of aggravated sexual assault of a child in 1987, but was not convicted until 2001. He now complains that the Texas Department of Criminal Justice (TDCJ) is improperly denying him flat time credit from the date of the offense in

1987 to the date of his conviction in 2001. He argues that TDCJ's actions constitute an *ex post facto* violation and deny him his Fifth Amendment protections.

Respondent argues that this petition must be dismissed for lack of jurisdiction as an unauthorized successive habeas petition.

## II. ANALYSIS

Petitioner pleaded guilty to aggravated sexual assault of a child under cause number 879446 on September 26, 2001, for criminal activity that occurred on October 1, 1987. He was sentenced to fifteen years imprisonment, with credit for fifty days pretrial incarceration. *Ex parte Jackson*, No. 48,645-03, p. 63. Petitioner's state habeas challenge to the conviction was denied on August 14, 2002. *Id.*, at cover. Petitioner filed a federal habeas petition challenging the 2001 conviction on November 26, 2002. *Jackson v. Cockrell*, C.A. No. H-02-4447 (S.D. Tex. 2002). In both his state and federal habeas proceedings, petitioner challenged the validity of his indictment; the claim was rejected in both forums.

Petitioner did not raise the instant issue regarding flat time credit until he filed a second application for state habeas relief in 2009. In dismissing the 2009 application as an abuse of the writ, the trial court found that petitioner

> failed to include sufficient specific facts establishing that the current claims could not have been presented previously because the factual or legal basis for the claims were unavailable; or that, by a preponderance of the evidence, no rational juror could have found the applicant guilty beyond a reasonable doubt.

*Ex parte Jackson*, No. 48,645-03, p. 47.

In the instant federal petition, petitioner argues that he is entitled to thirteen years' flat time credit from October 1, 1987, to September 26, 2001, because TDCJ should have credited him flat time from the date of the offense, not the date of the conviction.[1] Although the facts underlying this claim existed at the time petitioner filed his first federal habeas petition in 2002, he failed to raise it in that proceeding.

Under 28 U.S.C. § 2244(b)(2), a claim presented in a second or successive federal habeas petition that was not presented in a prior petition must be dismissed unless:

(a) the applicant shows that the claim relies on a new rule or constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(b) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

Petitioner asserts, without further explanation or reference to any applicable law, that he was unaware of the applicable law until "it was brought to [his] attention in March of 2008." (Docket Entry No. 6, p. 1.) This conclusory allegation is insufficient to demonstrate that petitioner's claim could not have been raised in his first federal habeas petition.

---

[1] Petitioner states that he was "already serving" a twenty-year sentence in 2001. (Docket Entry No. 22, p. 1.) A review of TDCJ public records reflects sentences for petitioner of two, seven, eight, five, fifteen, and six years; no twenty-year sentence is shown. Nor does petitioner provide any legal authority for his claim of entitlement to thirteen years retroactive flat time credit in this case.

Before a successive habeas petition may be filed in this federal district court, a petitioner must request and obtain leave to file the petition from the Fifth Circuit Court of Appeals. Public records for the Fifth Circuit Court of Appeals do not show that petitioner is authorized to file this successive petition. Nor does petitioner argue application of either of the two provisions set out in 28 U.S.C. § 2244(b)(2). In absence of authorization from the Fifth Circuit, the Court must dismiss this successive petition for lack of jurisdiction.

### III. CONCLUSION

For these reasons, the motion for summary judgment (Docket Entry No. 16) is **GRANTED** and this case is **DISMISSED FOR LACK OF JURISDICTION** as an unauthorized successive petition. Any and all pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 12 day of November, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE